**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4436**

─────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

EDWIN GALVEZ-BERGANZA, a/k/a El Gato,

               Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:07-cr-00135-DKC-2)

─────────

Submitted: March 31, 2014           Decided: April 9, 2014

─────────

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Robert C. Bonsib, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. James Andrew Crowell, IV, Assistant United States Attorney, Mara Zusman Greenberg, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Galvez-Berganza appeals his conviction and 180-month sentence imposed after his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court committed reversible error during Galvez-Berganza's plea and sentencing hearings. Galvez-Berganza was notified of his right to file a supplemental pro se brief but has not done so. We affirm.

Because Galvez-Berganza did not seek to withdraw his guilty plea, we review his plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (discussing plain error standard). We conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 in accepting Galvez-Berganza's guilty plea. Although the district court failed to ensure that Galvez-Berganza understood the Government's right to use his statements under oath in a prosecution for perjury, see Fed. R. Crim. P. 11(b)(1)(A), this minor deviation did not affect Galvez-Berganza's substantial rights. See United States v.

2

*Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009) (explaining defendant's burden to establish effect on substantial rights). Moreover, the court ensured that the plea was knowing, voluntary, and supported by a factual basis. We therefore affirm Galvez-Berganza's conviction.

Turning to Galvez-Berganza's sentence, we review it for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. We have thoroughly reviewed the record and discern no procedural error in Galvez-Berganza's sentence. The district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and explained its reasons for the sentence. *See Gall*, 552 U.S. at 51. The court sentenced Galvez-Berganza within the Guidelines range, and he fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *See United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012); *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006). We therefore conclude that the district court did not abuse its discretion in sentencing Galvez-Berganza.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal.

We therefore affirm the district court's judgment. This court requires that counsel inform Galvez-Berganza, in writing, of the right to petition the Supreme Court of the United States for further review. If Galvez-Berganza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Galvez-Berganza. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED